UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EJ MCPHERSON,<br><br>                               Plaintiff,<br><br>     -against-<br><br>STATE OF NEW YORK, et al.,<br><br>                               Defendants. | 22-CV-10800 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. §§ 1981 and 1983 and state law. He asserts that Defendants violated his rights in connection with the collection of child support payments. By order dated April 11, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

Plaintiff brings this action against the State of New York; Governor Kathy Hochul; Judge Edwina G. Richardson-Mendelson; retired Judge Monica Drinane; and two attorneys, Kemp J. Reaves and Rosanna Mazzota. He submits a complaint in the style of a legal brief, with numerous citations to statutory provisions and caselaw, contending that Defendants violated his rights under the First, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments to the United States Constitution and Article I § 11 of the New York State Constitution. Plaintiff does not, however, provide the facts on which his claims are based, asserting only that the State of New York has adopted procedures to enforce child support

payments in accordance with 42 U.S.C. §§ 602(a)(2) and 654, which have violated his rights.[1] Plaintiff claims that Defendants have empowered federal and state agencies, including the "Deadbeat Parents Punishment Registry," to take action against him, which has resulted in him being convicted of two E felonies under New York State law for abandonment of a child and non-support of a child in the first degree. (ECF 2, at 5-6.) Plaintiff seeks injunctive relief, including expungement of his criminal record, and money damages.

After he filed the complaint, Plaintiff submitted to the Court a letter (ECF 5) and a memorandum of law (ECF 8) in which he provides some facts concerning the bases of his claims against the defendants. The following information is taken from the letter and memorandum of law. In 2000, after Plaintiff and Barbara Y. Fraser ended their relationship, Fraser, who is the mother of Plaintiff's two daughters, "fraudulently assert[ed] a tort-based cause of action" against him in the Bronx County Family Court. (ECF 5, at 1.)[2] On February 24, 2000, Fraser applied for public assistance benefits at the New York State Office of Temporary and Disability Assistance ("OTDA"), thereby

> inducing a political subdivision of New York State to misappropriate [the] litigant's likeness to sell Ms. Barbara Y. Fraser products and services, that would invade the family's privacy and declare the parental relation invalid under Operation of law.

(ECF 8, at 9) (footnotes omitted).

In the Family Court action, the Chief Administrator appointed Defendant Kemp as the Hearing Examiner, placing Kemp "in a position to commit constitutional infractions on behalf of

---

[1] Plaintiff cites to provisions of the Social Security Act which requires participating states to adopt guidelines for child support awards as a condition for receipt of federal funds. *See* 42 U.S.C. §§ 602 and 654.

[2] The Court quotes all of Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

the state." (*Id*.) From July 2000 to August 2011, Kemp "collude[d] with the state in which to deceive [Plaintiff]" by filing multiple orders in the Family Court action, including an order of filiation, an order for temporary child support, and a final order seeking delinquent child support payments in the amount of $7,346.54. (*Id*.) Plaintiff claims that Kemp's actions deprived him of due process and resulted in his felony conviction.

Plaintiff also alleges that Defendant Mazzota engaged in unconstitutional conduct when she sent him a letter dated December 6, 2013, stating that his letter to Judge Richardson-Mendelson had been referred to her and informing him that "Judge Drinane . . . is ethically prohibited from interfering with the rulings and decisions made by another judge, referee or support magistrate." (*Id*. at 11.) Plaintiff characterizes Defendant Mazzota's letter as an "infraction[] on behalf of the state" and "discriminatory behavior." (*Id*. at 11-12.)

## DISCUSSION

The Court will treat Plaintiff's complaint, letter, and memorandum of law (ECF 2, 5, 8) together as the operative complaint for this action. The submissions do not, however, comply with Rule 8's requirement that a complaint provide a short and plain statement showing that Plaintiff is entitled to relief. Plaintiff does not allege sufficient facts explaining what occurred and why he is entitled to any relief from the defendants. Nevertheless, the Court is able to glean from Plaintiff's submissions that he seeks to challenge the validity or enforcement of the Bronx County Family Court's decisions concerning his obligation to pay child support. Because the complaint suffers from several fatal defects, the Court must dismiss this action for failure to state a claim on which relief may be granted, and alternatively, for lack of jurisdiction.

**A.      Statute of Limitations**

Plaintiff's claims under 42 U.S.C. §§ 1981 and 1983 appear to be barred by the applicable statute of limitations. The statute of limitations for Plaintiff's Section 1981 claims is

4

four years.[3] *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 375, (2004) (claims under Section 1981 are governed by a four-year statute of limitations "if the plaintiff's claim against the defendant was made possible by" an Act of Congress enacted after December 1, 1990); *Duplan v. City of New York*, 888 F.3d 612, 619 (2d Cir. 2018) (noting that the plaintiff sought to bring his complaint under Section 1981 "because some [of those] claims have a four-year statute of limitations"). The statute of limitations for Plaintiff's Section 1983 claims, which is found in the "general or residual [state] statute [of limitations] for personal injury actions," is three years. *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)); *see* N.Y. C.P.L.R. § 214(5) (statute of limitations for personal injury actions is three years).

Plaintiff filed this complaint on December 21, 2022. Therefore, he is precluded from pursuing any claims under Section 1981 for claims that accrued before December 21, 2018, and from pursuing any claims under Section 1983 that accrued before December 21, 2019. Plaintiff brings this action asserting claims arising out of conduct that occurred from February 2000 to December 2013. The statute of limitations periods for Plaintiff's claims expired well before he filed this action. The Court therefore concludes that Plaintiff's Section 1981 and Section 1983 claims are time barred.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence

---

[3] Courts apply a four-year statute of limitations period for some claims brought under Section 1981, borrowing from 28 U.S.C. 1658. Section 1658, which was enacted in 1990 provides that "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues."

of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds). A district court should grant notice and opportunity to be heard, however, before dismissing a complaint *sua sponte* on statute of limitations grounds. *Abbas*, 480 F.3d at 640.

It is clear that Plaintiff filed his claims well beyond the expiration of the applicable statute of limitations. Normally, the Court would grant him leave to plead any facts showing that equitable tolling applies but, as discussed below, the Court lacks subject matter jurisdiction to consider any of Plaintiff's claims challenging the validity or enforcement of the Family Court's orders directing child support payments. Furthermore, all of the defendants enjoy immunity from suit.

**B.      The *Rooker-Feldman* Doctrine**

Federal district courts lack authority to review state-court final orders and judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments . . . .").

"[I]n some circumstances, federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F. 3d 77, 88 (2d Cir. 2005). Federal review of such claims is barred under the *Rooker-Feldman* doctrine. Under that doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – federal district courts lack authority to review final state court

orders and judgments where the federal court plaintiff seeks relief that invites the federal court to reject or overturn the state court judgment. *See Exxon Mobil Corp.*, 544 U.S. at 291-92; *see also Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (The *Rooker-Feldman* doctrine "bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." (citing 28 U.S.C. § 1257)). There are four requirements for application of the doctrine: (1) the plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites district court review and rejection of the state court judgment; and (4) the state court judgment was rendered before the district court proceedings commenced. *Dorce*, 2 F.4th at 101 (internal quotation marks and citation omitted).

More specifically, a plaintiff's challenge in a federal district court to "the validity or enforcement of [a] child support order itself" is barred by the *Rooker-Feldman* doctrine. *Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013). Thus, this Court is precluded from considering a plaintiff's request to review and overturn an order or judgment of a New York family court determining that the plaintiff owes child support or setting the amount of child support owed. *See, e.g.*, *Hall v. Clinton Cnty.*, No. 8:18-CV-1405, 2020 WL 1923236, at *4 (N.D.N.Y. Apr. 21, 2020); *Williams v. NYU Hosp. Ctr. Fin. & Payroll Support*, No. 19-CV-11612, 2020 WL 1878119, at *3 (S.D.N.Y. Apr. 14, 2020) (citing *Remy v. New York State Dep't of Taxation and Fin.*, 507 F. App'x 16, 18 (2d Cir. 2018) (summary order)); *Ganiyu v. Lopez*, No. 1:19-CV-11605, 2020 WL 1467356, at *2-3 (S.D.N.Y. Mar. 25, 2020); *see also Davis v. Westchester Cnty. Family Court*, No. 16-CV-9487, 2017 WL 4311039, at *8 (S.D.N.Y. Sept. 26, 2017) ("Courts have repeatedly invoked *Rooker-Feldman* in cases in which plaintiffs challenge family court decrees setting child support arrears . . . . The fact that Plaintiff is challenging the constitutional adequacy

of the proceedings is of no help to him, as many of the cases cited above (and others) have arisen in identical contexts.") (internal quotation marks and citation omitted).

Here, while the details are not entirely clear, the Court understands Plaintiff to be challenging the validity and enforcement of final orders and judgments of the Bronx County Family Court, issued before Plaintiff filed this action, in which the state court determined that Plaintiff owes child support. As Plaintiff's request for federal review of the Bronx County Family Court's actions meets all four elements of the *Rooker-Feldman* doctrine, this Court has no jurisdiction of Plaintiff's claims. Plaintiff's claims for relief from the orders directing payment of child support and their enforcement are barred by the *Rooker-Feldman* doctrine, and the Court dismisses those claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291 (the *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject-matter jurisdiction").

C.      **Domestic Relations Abstention Doctrine**

The domestic relations abstention doctrine also requires this Court to abstain from exercising federal question jurisdiction of Plaintiff's claims. In 1990, in *American Airlines, Inc. v. Block*, the United States Court of Appeals for the Second Circuit instructed federal district courts to abstain from exercising federal question jurisdiction over claims involving domestic relations issues, so long as those claims could be fully and fairly determined in the state courts. *See* 905 F.2d 12, 14 (2d Cir. 1990). For example, a federal district court should abstain from exercising its federal question jurisdiction over claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Id.* (internal quotation marks and citation omitted).

Two years after the Second Circuit issued its decision in *American Airlines*, the Supreme Court of the United States held, in *Ankenbrandt v. Richards*, that a previously recognized

8

domestic relations exception to the federal district courts' subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees" in actions brought under a federal district court's diversity jurisdiction. 504 U.S. 689, 703 (1992).

In 2019, the Second Circuit, in *Deem v. DiMella-Deem*, held that regardless of the Supreme Court's holding in *Ankenbrandt*, its own previous holding in *American Airlines* remains good law. 941 F.3d 618, 621 (2d Cir. 2019), *cert. denied*, 140 S. Ct. 2763 (2020). Thus, "[a]lthough the domestic relations 'exception' to subject matter jurisdiction recognized by the Supreme Court in *Ankenbrandt* . . . does not apply in federal-question cases, the domestic relations *abstention* doctrine articulated in *American Airlines* does." *Id.* Federal district courts must therefore abstain from exercising federal question jurisdiction over claims involving domestic-relations issues and dismiss those types of claims for lack of jurisdiction when they are asserted under diversity jurisdiction. *See id.* at 621-24.

Plaintiff asserts constitutional claims under the Court's federal question jurisdiction and asks this Court to overturn determinations of the Bronx County Family Court of his obligations to pay child support. Plaintiff challenges the fact that he must pay child support and seeks injunctive relief from the enforcement of the orders directing him to pay child support payments, including his felony conviction.[4] Thus, unless he shows that there is an obstacle that prevents

---

[4] Plaintiff should note that a civil action is not the appropriate vehicle to seek expungement of a criminal conviction. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (noting that a writ of *habeas corpus* is the sole remedy for a prisoner seeking to challenge the fact or duration of his confinement); *see also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[.]"). If Plaintiff is seeking to challenge the validity of his felony conviction relating to the child support payments, he must do so in a petition for a writ of *habeas corpus* under 28 U.S.C.

him from receiving a full and fair determination of those issues in the state courts, this Court must abstain from exercising its federal question jurisdiction of his claims arising from the Family Court's orders and judgments and their enforcement. *Am. Airlines*, 905 F.2d at 14; *Simmons v. NYS Dep't of Soc. Servs.*, No. 19-CV-3633, 2019 WL 5810307, at *4 n.2 (S.D.N.Y. Nov. 5, 2019) ("Thus, even if *Rooker-Feldman* did not bar Plaintiff's claim asking this Court to review a support order that the Family Court issued, calculation of support payments is the type of domestic relations issue that the Court generally abstains from hearing."); *Myers v. Sara Lee Corp.*, No. 08-CV-1421, 2009 WL 10706711, at *10 (E.D.N.Y. Apr. 13, 2009) ("As in *American Airlines*, the income execution for which enforcement is sought consists of an ongoing support obligation that is subject to modification by the Family Court. Enforcement by this court would thus require interference with the ability of the Family Court to modify ongoing child support obligations, and abstention would be mandated here for the same reasons it was required as to the non-final judgment amounts in *American Airlines*.").

      Although Plaintiff asserts that his constitutional rights were violated in the Bronx County Family Court, including his right to due process, he alleges no facts suggesting that there were obstacles that prevented him from receiving a full and fair determination regarding his obligation to make child support payments. Nothing in Plaintiff's submissions suggests that he did not have a full and fair opportunity to seek modification of the Family Court's support order. Accordingly, the Court must abstain from exercising its federal question jurisdiction of Plaintiff's federal law claims arising from those issues.

---

§ 2254, after first exhausting his available state-court remedies. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005).

**D.     Eleventh Amendment Immunity**

Even if Plaintiff's claims were not time-barred and the Court had jurisdiction of them, the Eleventh Amendment bars him from asserting Section 1983 claims for damages against the State of New York and Governor Kathy Hochul, in her official capacity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents . . . that are, effectively, arms of a state." *Id*. Thus, "[t]he Eleventh Amendment bars a damages action in federal court against . . . state . . . officials when acting in their official capacity unless the state has waived its sovereign immunity or Congress has abrogated it." *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Sci.*, 804 F.3d 178, 193 (2d Cir. 2015). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff's claims against Governor Hochul in her official capacity are deemed claims against the State of New York.[5] The Eleventh Amendment therefore bars Plaintiff's Section 1983 claims for damages against the State of New York and Governor Hochul in her official capacity.[6]

---

[5] Plaintiff does not allege any facts suggesting that Governor Hochul was personally involved in the alleged violations of his rights. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). "To hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official. . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

[6] Plaintiff does not seek prospective injunctive relief, and it appears that none would be available. Plaintiff thus cannot pursue a Section 1983 claim against Governor Hochul under the

The Court dismisses Plaintiff's Section 1983 claims against the State of New York and his official-capacity claims against Governor Hochul under the doctrine of Eleventh Amendment immunity, for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction." ); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction." ); *see* 28 U.S.C. § 1915(e)(2)(B)(iii).

E.  **Judicial Immunity**

Plaintiff's claims for damages under Section 1983 against Judges Richardson-Mendelson and Drinane, Hearing Examiner Reaves, and Mazzota, who appears to be a court employee, are also barred under the doctrine of judicial immunity. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions."). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's

---

doctrine set forth in *Ex Parte Young*. *See Ex Parte Young*, 209 U.S. 123 (1908) (holding that state officials are not immune under the Eleventh Amendment from official-capacity claims seeking prospective injunctive or declaratory relief).

judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity has also been extended to others who perform functions closely associated with the judicial process, including "administrative officials performing functions closely associated with the judicial process because the role of the 'hearing examiner or administrative law judge . . . is functionally comparable to that of a judge,'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Butz v. Economou*, 438 U.S. 478, 513 (1978)), and other court employees, for their acts that assist a judge in the performance of his or her judicial duties, *see Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999); *see also Ali v. Pollak*, 182 F.3d 898 (2d Cir. 1999) (unpublished opinion) (extending judicial immunity to a pro se law clerk); *Oliva v. Heller*, 839 F.2d 37, 39-40 (2d Cir. 1988) (extending judicial immunity to a judge's law clerk).

Here, Plaintiff does not allege any facts showing that Judges Richardson-Mendelson and Drinane acted beyond the scope of their judicial responsibilities or outside of their jurisdiction in the Bronx County Family Court. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Judges Richardson-Mendelson and Drinane for " acts arising out of, or related to, individual cases before [them]" they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. Plaintiff's claims against Reaves and Mazzota also arise from actions they took in assisting judges of the Bronx County Family Court in their judicial duties. They are also immune from suit for Plaintiff's claims.

The Court therefore dismisses Plaintiff's claims against Judges Richardson-Mendelson and Drinane, Reaves, and Mazzota because he seeks monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, the claims are

frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").

F.  **State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

G.  **Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   July 27, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge